# CIRCUIT COURT OF THE CITY OF NORFOLK

Robert Booth
and Yvonne Booth

v.

Furlough, Inc.,
and Star Enterprise, Inc.

December 23, 1996

Case No. (Law) L95-2274

BY JUDGE MARC JACOBSON

Plaintiff Robert Booth (Plaintiff) alleges that he was injured when he leaped from a barge towed by Defendant Furlough, Inc. (Furlough) onto a dock owned by Defendant Star Enterprise, Inc. (Star). Plaintiff and his wife, Yvonne Booth (Yvonne), filed the instant action alleging, *inter alia*, a maritime tort against Star (First Cause of Action) and loss of support, services, and society against Star (Fifth Cause of Action). Star filed a Plea in Bar alleging that the appropriate statute of limitations for this action has run. Star claims that the negligence alleged in Plaintiff's Motion for Judgment does not state a maritime tort, but simply a tort under state law and that because this is a state tort, the state two-year statute of limitations applies rather than the federal three-year statute that governs maritime torts. Since the action was filed two years and four months after the cause of action accrued, Star claims the action is time barred. Plaintiffs respond that the tort alleged is a maritime tort and, therefore, the three-year period applies.

Under long settled principles of maritime law, a dock is considered land for the purposes of establishing maritime jurisdiction. *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 207 (1971). The Court finds that the torts complained of in the First Cause of Action and the Fifth Cause of Action are not maritime

torts because the site of the alleged negligence and injury to the Plaintiff was a dock and thus the alleged tort occurred on land. The Court, therefore, concludes that state law governs the instant action.

Virginia follows two distinct choice of law rules. "[T]he *lex loci* will govern as to all matters going to the basis of the right of action itself, while the *lex fori* controls all that is connected merely with the remedy." *Maryland v. Coard*, 175 Va. 571, 580-81, 9 S.E.2d 454, 458 (1940). Accordingly, this Court applies the substantive law of Delaware, the situs of the injury, and the Virginia law of procedure. Whether an issue is substantive or procedural is governed by Virginia law. *Frye v. Commonwealth*, 231 Va. 370, 376, 345 S.E.2d 267, 272 (1986).

In the instant case, the statute of limitations is procedural, *Norman v. Baldwin*, 152 Va. 800, 805, 148 S.E. 831, 833 (1929), and so the Virginia two-year statute governing actions for personal injuries controls. Va. Code Ann. § 8.01-243(A) (Michie 1992). Both the First Cause of Action and Fifth Cause of Action accrued on May 28, 1992, the date of the injury. Plaintiffs originally filed this case in the Circuit Court of Hillsborough County, Florida, on October 17, 1994, more than four months after the statute of limitation had expired.

Accordingly, the Court sustains Defendant's Plea in Bar as to the First Cause of Action and the Fifth Cause of Action in the Motion for Judgment filed herein.

Defendant's Motion to Transfer for improper venue and forum non conveniens is dismissed as moot.